JUDGE ROBERTSON
delivered the opinion oe the court:
A legislative act of February 15th, 1864; incorporating the “Louisville City Railway Company,” authorized it to construct and “ operate,” with the consent of the city council, street railways, “in such manner and on such terms” as the council, “by contract or otherwise,” should prescribe. Accordingly, the city council and. the railway company, on the 9th of March, 1864, made a contract containing many stipulations, the ninth of which is in the following words: “The said Louisville City Railway Company shall, for the franchise and privilege herein granted to construct and operate railways over the streets hereinbefore named, pay into the city treasury of the city of Louisville, each and every year, the sum of twenty-five dollars tax or license for each and every car *480 run upon their said railways, or such other sum as the general council may fix, not less than twenty-five and not to exceed fifty dollars for each car so used by said company, so long as said company shall operate said railways, or so long as the same shall be operated by any other company.”
Under that contract, the company constructed street railways, on which it has been since operating with thirty-five cars moved by horse-power; and, as necessarily subservient to such use, it owns and employs stables, blacksmith-shops, and many horses.
Under an ordinance authorized by legislative enactment for imposing an ad valorem, tax on property in the city, the horses, stables, and blacksmith-shops used by the company in its running operations were assessed for the years 1866 and 1867, which the company refused to pay. The city, claiming that tax and ten per cent, thereon, as prescribed by the act of Assembly and the ordinance, for all cases of delinquency in payment before a fixed day, the parties submitted an agreed case to the court of common pleas, which adjudged that the company is liable for the tax so assessed, and also for ten per cent, in addition thereto for refusal to pay within the prescribed time.
The company, appealing from that judgment, insists that payment of the conventional twenty-five dollars for each car, which has been punctually made, exonerates it from any other burden in the form of municipal taxation, and also that the ten per cent, is a penalty which cannot be constitutionally enforced by the tax collector, or otherwise than by a judicial proceeding.
On full consideration, this court approves that judgment.
*481 However beneficial to the local public the facilities of railway travel on the streets may be, still the railroads themselves and the running of the cars over them obstruct the general use of the streets, and subject persons in private conveyances, on horseback, and on foot, to occasional annoyance, inconvenience, and peril; and, therefore, the act incorporating the railway company required the consent of the city, and contemplated a lames for its permission to construct the ways and run cars on them. The price agreed to be paid is only the conventional consideration of that licensed privilege, and is, in no sense, a tax on property. The object of the act of incorporation, and the letter and purpose of the contract, allow no other consistent interpretation. Consequentty, the payment of the stipulated price of the franchise does not exempt the assessed property of the company, any more than that of citizens generally, from contributions in the form of ad valorem taxation for raising revenue for sustaining the municipal government for the protection of the property and the security of all alike.
The price of the license is no more a tax on the company’s property than a license to keep a tavern or coffeehouse is a tax on the house and its appendages; and no such license exempts such property from taxation.
The right reserved to increase the amount of bonus was intended for the probable contingency of an extension of the railways and a correspondent augmentation of the running stock on the streets. The present aggregate of twenty-five dollars a car is about equal to the ad valorem assessment as made on other property of the company. Then, if this exempts that property from the tax, the city gets nothing for the license; and if the cars be *482 exempt, the city will pay, instead of being paid, for the privilege granted to the company. Such absurdities can conclusively fortify the construction we give to the charter of the company and its contract with the city.
The exaction of ten per cent, for non-payment of the assessed tax is not a penalty, for enforcing which an indictment or other judicial process is necessary ; but it is only a provisional and valid increase pro tanto of the assessment, like the assuring provision in a bond for the payment of a debt on a particular day, prescribing the additional payment of ten per cent, in the event of failure to pay on the day. Such a contract has been often adjudged to be legal and enforceable, as only a rightful augmentation of the debt contracted to be paid.
Wherefore, the judgment is affirmed.