CASE 6—PETITION—JUNE 21.

# City of Newport v. South Covington and Cincinnati Street Railway Co.

APPEAL FROM CAMPBELL CHANCERY COURT.

1. TAXATION OF STREET RAILWAYS.—By one section of a city ordinance there was granted to a street railway company the exclusive privilege of constructing and operating a street railway over certain streets of the city, and by another section of the same ordinance it was provided that said company should pay into the city treasury "the sum of ten dollars annually for each and every car run and operated upon said railway." *Held*—That the ten dollars per car is, in no sense, a tax, but a bonus for the franchise granted to the company, and, therefore, a clause of the city charter providing that "merchants and others paying a license or specific tax on their business or calling shall be exempt from an *ad valorem* tax thereon," does not exempt the street railway company from the payment of an *ad valorem* tax upon its property.

2. PENALTIES FOR FAILURE TO PAY TAXES WHEN DUE.—Where taxes are due semi-annually, and a penalty is provided for failure to pay when due, each one-half year's taxes, with the penalty, should not be added to those of the next half year, and then a penalty counted upon the aggregate; but the penalty should be counted upon and added to each half year's taxes merely.

CRAWFORD & IRWIN FOR APPELLANT.

1. As this cause was submitted on the pleadings, and there was but a single legal issue, a motion to set aside the judgment, on the ground

City of Newport v. South Covington and Cincinnati Street Railway Co.

that it was "contrary to law," was sufficient. (Helm v. Coffey, 80 Ky., 176; Henderson v. Dupree, 82 Ky., 681.)

2. The payment by appellee to appellant of ten dollars per car is, in no sense, a tax or license on appellee's business or calling, and does not exempt it from the payment of an *ad valorem* tax. (Louisville City Railway Co. v. City of Louisville, 4 Bush, 479.)

3. The ordinance of 1867, adhered to for more than twenty years, is a contract, and the rights of the parties cannot be changed by any amendments to the city charter.

## J. C. BENTON FOR APPELLEE.

1. The provision of the city charter, that merchants and others paying a license or specific tax on their business or calling, shall be exempt from an "*ad valorem* tax thereon," clearly means that the persons referred to shall be exempt from an *ad valorem* tax on the *property* used in the business or calling, as the city has no power to levy an *ad valorem* tax on the business itself.

2. October 3, 1867, the city council passed an ordinance, fixing the license the Street Railway Company should pay at the sum of ten dollars annually on each and every car used upon its railway. From that time to the present the company has paid the said license annually, and no *ad valorem* tax on the said property has ever been levied, except as shown by the petition. The company has been advised that it cannot be required to pay this tax, and upon that point it asks the judgment of this Honorable Court.

## SIMRALL & MACK ON SAME SIDE IN PETITION FOR REHEARING.

1. The charter of the city of Newport authorizes but one penalty upon each half year's delinquent taxes. But if judgment is rendered for the amount claimed in the petition, the tax and penalties will be compounded.

All statutes allowing forfeitures or penalties are strictly construed. (Cooley on Taxation, p. 313; Hagerman v. Ohio B. & S. Asso'n, 25 Ohio State, p. 203; White v. Woodward, 44 Ohio State, 347; Ormsby v. City of Louisville, 79 Ky, 202.)

The power to tax must be exercised in strict conformity to law. (Judge of Campbell County Court v. Taylor, 8 Bush, 206; Bowling Green & Madisonville R. Co. v. Warren County Court, 10 Bush, 711; Cooley on Taxation, p. 209.)

2. The "license" of each car is, in effect and in legal contemplation, a tax, and nothing else. (Mayor, &c., v. Second Avenue R Co., 32 N. Y., 261; North Hudson Co. R'y Co. v. City of Hoboken, 41 N. J. Law, 71.) The city charter does not authorize the collection of a bonus in the form of a license,

The case of the Louisville City Railway Co. v. City of Louisville,

4 Bush, 478, is clearly distinguishable from this. Any thing in that opinion beyond the special facts of that case is mere *obiter dictum*, and should not be accepted as authority. (Nichols v. Sennitt, 78 Ky., 633; Gaines v. Hennen, 24 How., 553.)

3. The right of a city to tax must be strictly exercised in the manner and for the purposes expressly stated in its charter. (Adams Express Co. v. City of Owensboro, 8 Ky. Law Rep., 908; Livingston v. City of Paducah, 80 Ky., 657.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

In 1867 the appellant, the City of Newport, through its council, adopted an ordinance, which *inter alia* provides:

"SECTION 1. That from and after the passage of this ordinance, there shall be granted unto the Newport Street Railway Company (now the appellee by change of name), their successors and assigns, the exclusive privilege of constructing and operating a street railway of double or single track, with all necessary turnouts and switches, on, over and along the streets herein named. * * *

"SECTION 6. Said company shall pay into the city treasury, for the next five years, the sum of ten dollars annually, as a license for each and every car run and operated upon said railway; and, at the expiration of said five years, the city council may fix the license at a less or greater sum than ten dollars, but not to exceed twenty dollars *per* car."

Section 7 of the amendment of 1874 to the city charter provides: "Said board (of councilmen) shall also have power to cause to be annually levied, collected and paid into the city treasury an *ad valorem* tax on the real, personal and mixed estate, within the limits of said city, subject to taxation by the city, under the

laws of the State, except as hereinafter provided. Said tax shall not exceed two dollars on each one hundred dollars' valuation, at a fair cash value, upon every class or description of property. Merchants and others paying a license or specific tax on their business or calling, shall be exempt from an *ad valorem* tax thereon.''

The appellant is now claiming from the appellee the municipal *ad valorem* tax upon its property, to-wit: track, horses, cars, &c., for the years 1879 to 1886, inclusive. Limitation is pleaded as to the taxes of the first three or four years named ; but the entire claim is resisted upon the ground that the company is exempted from the payment of an *ad valorem* tax by reason of the payment by it of the ten dollars annually upon each of its cars, in conformity to the ordinance of 1867.

It insists that this is a tax upon its business, and that its property is, therefore, exempt from municipal *ad valorem* taxation, because the city charter says: ''Merchants and others paying a license or specific tax on their business or calling shall be exempt from an *ad valorem* tax thereon.''

The action was submitted upon the pleadings, and dismissed.

By the ordinance, which provided for the annual payment of the ten dollars *per* car, the company was granted, not only an extraordinary, but an exclusive privilege. It was given permission to do what no other party can do. Such a privilege may be granted to a corporation for a price or *bonus ;* and if so, the sum

paid therefor is not to be regarded as a tax upon its business or its property.

In case of a tax upon the business, it properly should be estimated by the amount done, or the profits made, or by some such standard. Such a manner of estimating it would show clearly an intention to tax the business.

Here, however, a franchise was granted to the appellee; and, in return, it was required to pay a certain sum to the appellant. This was not a tax. It should not exempt the company from the payment of the municipal tax upon the assessed value of its property any more than the payment of a license fee to keep a hotel would exempt the hotel building from taxation.

It was held, in the case of the Louisville City Railway Company v. City of Louisville, 4 Bush, 478, that the payment of twenty-five dollars annually by the company to the city on each car, as *per* the contract between them, and which secured to the company certain franchises, was not a tax, and did not exonerate the company from the payment of an *ad valorem* tax upon its property, which was assessable for municipal purposes.

It is true that in that case the contract between the company and the city expressly stated that the annual payment of the twenty-five dollars *per* car was for the privilege of constructing and operating the railway over the specified streets; while in this instance the ordinance does not expressly so state, but, in our opinion, this is the proper and reasonable construction to be given to it.

The company had no right to enter upon the streets

34      KENTUCKY REPORTS.     [VOL. 89.

City of Newport v. South Covington and Cincinnati Street Railway Co.

and operate its road, save under the franchise granted by the city. Its consent was necessary, in the absence of express authority from the Legislature. The municipality said, you may do so, but only upon condition that you pay so much for the privilege. The price per car was the consideration for the franchise, and not a tax upon property. Its payment, therefore, does not exempt the property of the company from the taxation which each citizen of the municipality pays upon the assessed value of his property for the support of the municipal government. The company has a privilege which is denied to him; and for this, it pays a *bonus*. Certainly, this furnishes no reason why it should be exempted from the common burden.

The city had no right to levy a specific tax upon personal property, in return for a right of way. It could do so, simply because it was a proper subject of taxation. But it had the right, when the appellee was asking an extraordinary privilege, to require a return for the grant; and this it did in the way of requiring the appellee to pay to it annually ten dollars upon each of its cars.

Upon the other hand, if this payment operated to release its property from the payment of the municipal *ad valorem* tax, then probably the city would realize nothing for the grant of the franchise, but, in effect, be paying something for it, as the sum paid *per* car would probably not equal the *ad valorem* tax upon its property.

In the Louisville case, already cited, it does not appear that there was any charter provision, such as is above cited, exempting those paying a specific or

license tax upon their business from the payment of an *ad valorem* tax.

The exemption was claimed under the general law; but the court there decided, that the payment of the twenty-five dollars *per* car annually was, in no sense, a tax, but a *bonus* for the franchise granted to the company.

So it is in this case; and the exemption clause in the city charter is, therefore, inapplicable.

The claim of the city to taxes and penalties, as set forth in its petition, cannot, however, be allowed. The taxes were due semi-annually. The charter provides but one penalty for each delinquency. The law inclines against forfeitures and penalties. There should not be a second fine or a second punishment for the non-payment of the same due. Nor do we think the city ordinances relating to the taxes for the years covered by this claim, when properly construed, show an attempt to impose it. Each one-half year's taxes, with the ten per cent. penalty, should not be added to those of the next half year, and then a penalty counted upon the aggregate. They cannot be thus compounded, but the penalty is to be counted upon and added to each half year's taxes merely.

The judgment is reversed, with directions to render judgment, but without interest, save from its rendition, for the taxes claimed by the city and the penalty thereon, to be counted as above indicated, and which were not barred by limitation at the institution of this action.