City of Louisville v. Louisville Railway Co.

CASE 67—ACTION BY CITY OF LOUISVILLE AGAINST LOUISVILLE RAILWAY COMPANY TO RECOVER CERTAIN TAXES.—JUNE 16.

# City of Louisville v. Louisville Railway Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY BRANCH, FIRST DIVISION—SHACKELFORD MILLER, JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS    REVERSED.

TAXATION—STREET RAILWAYS—LICENSE ON CARS—AD VALOREM TAX— RECOVERY—INTEREST—PARTIAL PAYMENTS.

1. Where a street railway company in a city of the first class continued to pay the sum of $50 as a tax or license on each of its cars under an ordinance enacted before the enactment of the new Constitution and the statutes thereunder, and no such tax or license was required by any law or ordinance subsequent to said new Constitution, in an action by the city to recover certain taxes imposed under the new laws the company was entitled to a credit for such payments, as the new act relating to the government of such cities was a substitute for the old charter and all of its provisions.

2. Where, in an action to recover taxes, the defendant impeaches the record in the county clerk's office, and shows it was incorrect in placing defendant's tax too high, but in doing this it shows that it could have learned exactly what its tax was from the records made by the board of valuation and assessment, interest should be charged on the taxes for the years unpaid.

3. Tax bills against a street railway under an ordinance imposing a license tax for each car bear interest as other taxes under the charter of a city of the first class.

4. Payments on a license tax are to be applied as of the date made, extinguishing principal and interest under the ordinary rule as to partial payments.

HENRY L. STONE, FOR APPELLANT.

## AUTHORITIES CITED.

### STATEMENT.

City of Louisville v. Louisville Railway Company, 23 R., 390, 111 Ky., 1; City of Louisville v. Louisville Railway Company,

City of Louisville v. Louisville Railway Co.

24 R., 438; Fourth Biennial Compilation of the Ordinances of the City of Louisville, pp. 348, 349; Fifth Compilation, pp. 358, 359.

## ARGUMENT.

1. Appellee is not entitled to credit on the ad valorem tax bills sued on by the amounts paid as car license taxes in 1893-94 to the commissioners of the sinking fund. Louisville City Railway Co. v. City of Louisville, 4 Bush, 478; City of Newport v. South Covington & Cincinnati Street Railway Co., 89 Ky., 29.

2. Appellee is not entitled to credit on the ad valorem tax bills sued on by the amounts paid as gross earnings license taxes in 1894-5-6-7 to the commissioners of the sinking fund. Ky. Stat., Ed. 1899, p. 1103; Ed. 1903, p. 1135; Sess. Acts 1902, p. 200; Levi v. City of Louisville, 97 Ky., 394; Com. v. Masonic Temple Co., 87 Ky., 353; Morgan v. Louisiana, 93 U. S., 417; L. & N. R. R. Co. v. Palmer, 109 U. S., 224; Bradley v. McAtee, 7 Bush, 667; E. & H. R. R. Co. v. Com., 9 Bush, 439; Ky. Central R. R. v. Com., 87 Ky., 661; City of Louisville v. Board of Trade, 90 Ky., 409; Kilgus v. Trustees of Orphanage of Good Shepherd, 94 Ky., 439; Louisville City Railway Co. v. City of Louisville, 4 Bush, 478; City of Newport v. Cov. & Cin. S. Ry. Co., 89 Ky., 29; South Covington & Cincinnati Street Railway Co. v. Town of Bellevue, 105 Ky., 283; Fidelity & Casualty Co. v. City of Louisville, 106 Ky., 207; Southern Building and Loan Association v. Norman, 98 Ky., 294; Fidelity & Casualty Co. v. Coulter, Auditor, 25 R., 200; Mutual Benefit Life Ins. Co. et al. v. Coulter et al., 25 R., 193; Strater Bros. Tobacco Co. v. Commonwealth, 25 R., 1717-18; Fifth Compilation of City Ordinances, pp. 371-74, 358, 359; 230, sec. 16; German Washington Mutual Fire Ins. Assn. v. City of Louisville, 25 R., 697; City of Somerset v. Somerset Banking Co., 109 Ky., 549; Montgomery v. Montgomery, 25 R., 1682-3; Newport and Cincinnati Bridge Co. v. Douglass, Trustee, 12 Bush, 673; Himmelman v. Spanagel, 39 Cal., 393; Owensboro Water Works Co. v. City of Owensboro, 24 R., 2530; Stone, Auditor, et al v. Bank of Commerce, 174 U. S., 427; First Biennial Compilation of City Ordinances, p. 129; Com. v. Fowler, 96 Ky., 166; Southern Building and Loan Assn. v. Norman, Auditor, 98 Ky., 296; Fidelity & Casualty Co. v. City of Louisville, 106 Ky., 207; Same v. Coulter, Auditor, 25 R., 201; Ky. Stat., secs. 4077, 2984a; Adams Express Co. v. Kentucky, 166 U. S., 171-185; Owensboro National Bank v. Owensboro, 173 U. S., 676; Cooley on Taxation (3d Ed.), 9; Cooley on Constitutional Limitations (6th Ed.), 587; McCulloch v. Maryland, 4 Wheat., 316, 437; Kirtland v. Hotchkiss, 100 U. S., 491; Youngblood v. Sexton, 32 Mich., 406.

3. Appellant should have been allowed interest on the franchise tax bill for 1894. Owensboro Water Works Co. v. City of Owensboro, 24 R., vol. 2, p. 2532; Same v. Same, 25 R., 434; Louisville Bridge Co. v. City of Louisville, 23 R., 1655.

4. Appellant should have been awarded interest on the franchise tax bill for 1896. Com. v. Louisville Railway Co., 20 R., 1509; Fifth Biennial Compilation of City Ordinances, p. 90; Louisville Bridge Co. v. City of Louisville, 23 R., 1655; Ky. Stat., secs. 4271, 4079, 4080; South Covington and Cincinnati Street Railway Co. v. Town of Bellevue, 105 Ky., 283, 57 L. R. A., 50; Henderson Bridge Company v. Com., 99 Ky., 645; Owensboro Water Works Co. v. City of Owensboro, 24 R., vol. 2, p. 2532; Same v. Same, 25 R., 434.

5. Appellee under the pleadings was not entitled to any credit on franchise tax bill No. 18005 for 1897, and appellant should have been allowed interest thereon. Louisville Trust Co. v. Louisville Fire Proof Construction Co., 23 R., 433-37; Henderson Bridge Co. v. Com., 99 Ky., 645.

6. The court below, on the theory that appellee was entitled to the credits claimed for license taxes, erred in applying the excess of such license taxes over the ad valorem taxes in one year, as a credit on the ad valorem taxes of subsequent years.

7. The court below erred in crediting license taxes upon the principal of ad valorem tax bills, which bore interest from sundry dates, without allowing appellant the benefit of any interest thereon prior to December 2, 1898.

8. The payment by appellee under the void compromise should have been applied as it was at the time by the tax receiver.

## CROSS APPEAL.

9. The court below did not err in favor of appellant concerning the franchise tax bill against appellee for 1894. Board of Council City of Frankfort v. Stone, Auditor, 108 Ky. 400; State ex rel Milwaukee Street Railway Co. v. Anderson, 90 Wis., 564.

10. The claim of appellee to contractual exemption has no foundation in law or fact. City of Newport v. South Covington and Cincinnati Street Railway Co., 89 Ky., 29; South Covington and Cincinnati Street Railway Co. v. Town of Bellevue, 105 Ky., 283.

BOYLE & YEAMAN, HUMPHREY, BURNETT & HUMPHREY, FOR APPELLEE.

## POINTS AND AUTHORITIES.

1. The court did not err in giving credit to the Railway Company for the amount paid for license taxes. Levi v. City of

Louisville, 97 Ky., 395; Stone v. Bank of Commerce, 174 U. S., 427; Ky. Stat., sec. 4092a; Acts of 1902, p. 1; Aetna Life Ins. Co. v. Coulter, 25 Ky. Law Rep., 193; Fidelity & Casualty Co. v. Coulter, 25 Ky. Law Rep., 200; Southern Building Co. v. Norman, 98 Ky., 296; Fidelity & Casualty Co. v. City of Louisville, 106 Ky., 207; Com. v. Fowler, 96 Ky., 107; Citizens National Bank of Lebanon v. Com., decided April 27, 1904; Louisville Railway Co. v. Com., 105 Ky., 711.

2. The franchise tax bills for 1894, 1896 and 1897 were properly reduced. Owensboro Water Co. v. City of Owensboro, 24 Ky. Law Rep., 532. For authority of appellee to build lines in county. 1 Acts of 1862, p. 68; 2 Acts of 1889-90, p. 576; Acts of 1863-4, p. 389; 1 Acts 1873, p. 368; Acts 1865-6, p. 146; Acts 1865-6, p. 43; 2 Acts 1881, p. 591; Acts 1868, p. 49; 2 Acts 1881, p. 605, secs. 4077 and 4081; City of Frankfort v. Stone, Auditor, 22 Ky. Law Rep., 25 and 502-3.

3. The answer raised the question as to 1897 as well as 1896. L. & N. R. R. v. Taylor, 92 Ky., 55; Boughner v. Black's Admr., 83 Ky., 521; Banks v. Collins, 19 Ky. Law Rep., 47; Louisville Co. v. Louisville Fire Proof Co., 22 Ky. Law Rep., 436; Murray v. Booker, 22 Ky. Law Rep., 782; Youtsey v. Kutz, 22 Ky. Law Rep., 1521.

4. Interest only runs from date of judgment. Gosnell v. City of Louisville, 104 Ky., 208; City of Louisville v. Selvage, 21 Ky. Law Rep., 351-2.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

These actions were brought by the city of Louisville against the Louisville Railway Company to recover certain taxes. This is the third appeal. See City of Louisville v. Louisville Railway Company, 111 Ky., 1, 23 R., 390, 63 S. W., 14; and City of Louisville v. Louisville Railway Company, 68 S. W., 840, 24 Ky. Law Rep., 538. Nearly all the questions involved have heretofore been settled, and only the following need now be considered: Previous to the adoption of the present Constitution and the statutes made pursuant thereto, the street railway company had an arrangement with the city, by which, in consideration of the franchises granted, it was provided: "That the said Louisville City Railway Company shall, for the fran-

chise and privilege herein granted to construct and operate railways over the streets hereinbefore named, pay into the city treasury of the city of Louisville, each and every year, the sum of $25, tax or license, for each and every car run upon their said railways, or such other sum as the general council may fix, not less than $25 and not to exceed $50 for each car so used by said company, so long as said company shall operate said railways, or so long as the same shall be operated by any other company." The amount to be paid was subsequently fixed by ordinance at $50 a car. After the adoption of the present Constitution and the present statutes, an arrangement was made between the street railway company and the city by which it agreed to pay a license tax of 2 1-2 per centum on the gross earnings of the company in lieu of all other taxes. This ordinance, after setting out the previous arrangement, reads as follows: "Now, therefore, be it ordained that the said license tax of two and one-half per centum on the gross earnings of the said company shall be in lieu and instead of the license taxes provided in the said contracts, and that the amount so paid shall be in full discharge of the taxes due to the said city, except that the said company shall pay the same tax upon its lands as is paid by other owners of lands in the city of Louisville. The provisions of this ordinance shall take effect upon the acceptance of its provisions by the said company, and the license tax to be paid under it shall be estimated upon its gross earnings from and after February 1, 1894." The railway company paid its license tax of $50 per car until the ordinance above quoted took effect, and after that paid the tax of 2 1-2 per cent. on its gross earnings. The tax year begins on September 1st of the preceding calendar year. The taxes for 1894 are therefore assessed as of September 1, 1893. The

city sues in these actions for the *ad valorem* tax on appellant's property and franchises levied under the new Constitution and the statutes enacted thereunder. During the time covered by this tax the railway company paid to the city as license taxes at the rate of $50 per car the following sums:

| | |
|---|---:|
| October 12, 1893 | $1,020 78 |
| November 15, 1893 | 1,070 16 |
| December 15, 1893 | 995 83 |
| January 11, 1894 | 978 54 |
| February 5, 1894 | 954 17 |
| Total | $5,019 48 |

After the ordinance levying the tax of 2 1-2 per cent. on the gross earnings was enacted, and under it, the railway company paid to the city the following sums of taxes:

| | |
|---|---:|
| May 31, 1894 | $ 27,892 82 |
| January 29, 1895 | 27,186 89 |
| February 1, 1895 | 2,232 84 |
| January 29, 1896 | 32,204 30 |
| January 21, 1897 | 30,863 06 |
| Total | $120,379 91 |

The court on final hearing credited the railway company by the sums so paid on the taxes herein sued for, and of this the city complains. It is insisted that the tax of $50 per car was a bonus agreed to be paid the city for the use of its streets, and that the railway company is not entitled to credit for the money so paid on its *ad valorem* taxes sued for. In support of this position we are referred to Louisville City Railway Company v. City of Louisville, 4 Bush, 478; City of Newport v. South Covington Street Railway Company, 89 Ky., 29, 11 R., 319, 11 S. W., 954, and

Fidelity & Casualty Company v. City of Louisville, 106 Ky., 207, 20 R., 1785, 50 S. W., 35. The tax of $50 a car was part of the scheme of taxation devised under the old charter of the city. That charter expired with the adoption of the new act for the government of cities of the first class. This act contained all the law on the subject, and was a substitute for the old charter and all of its provisions. After it took effect, taxes could only be levied under it. They could not be levied in part under it and in part under the old charter. The levies authorized by the new act were the only levies that could be lawfully made, or which the taxpayer could be required to pay. The new system of taxation which it devised was substituted in its entirety for the old system of taxation in vogue under the old charter. While by section 181 of the Constitution a license or occupation tax may be authorized, and this power is conferred in sections 3011, 3012, Ky. St., 1903, governing cities of the first class, no occupation or license tax was imposed by the general council under the power so conferred, and therefore, in the absence of such action, the railway company was not liable for a license tax during the time covered by the taxes sued for. It was not required to pay the $50 per car, for this was part of a scheme of taxation that had passed away, and it was bound to pay its *ad valorem* taxes on its property and franchises as other property holders. The ordinance allowing it to pay a tax of 2 1-2 per cent. on its gross income in lieu of its *ad valorem* and other taxes was void. Still, the money paid under the void ordinance, having gone into the city treasury, must be credited on the *ad valorem* taxes which were in fact due. The parties made a mutual mistake. It is apparent they were both in good faith. The money was paid by the railway company as taxes, and, the court having held that it must pay an *ad*

*valorem* tax instead of a license tax, or a tax on gross earn-ings, the money so paid must be credited on the taxes which were legally assessed. It is true that the $50 a car license tax was for the use of the streets of the city, but this use of the streets of the city is one of the franchises of the com-pany, which is taxed in its *ad valorem* assessment, and without it the other franchises would be of little value. It is therefore true that the same property is taxed under the *ad valorem* assessment of appellee's property and franchises that was sought to be taxed in the ordinance fixing the license tax of $50 a car, and it must be presumed that the one was intended as a substitute for the other. If it was desired to impose in addition a license or occupation tax on appellee, this could be done by the action of the council under sections 3011, 3012, Ky. St., 1903. This was not taken. There can not be an *ad valorem* tax under the pres-ent system and at the same time a license tax under the old system. The tax of $50 a car was levied under an ordinance enacted under the old charter, which is no longer in force, and therefore money paid under this ordinance after it had ceased to exist must be treated as paid on the taxes which the defendant in fact owned. We therefore conclude that the circuit court properly allowed the credits referred to.

The tax bill of 1894, as originally made out, was erron-eous, and was withdrawn. A new bill was made out on June 3, 1897. But in making out this tax bill so far as the tax on the franchise went, the value of the franchise was not apportioned between the city and the county, although the line of railway lies partly in the city and partly in the county. The board of assessment and valuation in fact made the apportionment, but in certifying their action to the county clerk the auditor certified the total amount of the assessment of the franchise as taxable by the city in-

stead of the amount which had been in fact apportioned to it. In the years 1895 and 1896 a different mistake was made in making out the tax bills. After ascertaining the total valuation of the property of the railway company, they deducted from it the county assessment of its tangible property, and not the city assessment of the same property, although it was much higher than the county assessment. Thus the railway company was assessed twice for the same property, or the sum of the assessments against it was greater than the total amount at which its entire property was assessed.

In Owensboro Water-Works v. Owensboro, 74 S. W., 685, 24 Ky. Law Rep., 2532, we held that the taxpayer was in such case entitled to have his franchise tax reduced to the amount which it should have been if the proper deduction had been made. The circuit court followed this decision, and reduced the tax bills as there indicated. He also reduced the tax bill for 1894 to the true amount, which was in fact apportioned to the city by the board of valuation and assessment, but he allowed no interest on these taxes, except from the date of the judgment. In doing this he departed from the rule laid down in the Owensboro case, for there the taxpayer was made to pay interest, notwithstanding the correction. 75 S. W., 268, 25 Ky. Law Rep., 434. His ruling appears to be based on the line of authorities holding in cases of liens for street improvements that no interest runs against the taxpayer until a correct apportionment is made. These cases are not in point, for there the taxpayer can not know what he is to pay until the cost of the improvement is apportioned to the property liable therefor. But here the tax payer could have learned exactly what its taxes were from the records made by the board of valuation and assessment. It impeaches the record in the county

City of Louisville v. Louisville Railway Co.

clerk's office, and shows it was incorrect, placing its taxes too high. But in showing this it shows precisely what its taxes ought to be, and this it could have done when its taxes were due, and could then have tendered the money to the city, and stopped interest. We therefore conclude that interest should have been allowed on these taxes for the years 1894-5-6, from the time the second tax receipts (or those sued on) were payable.

We see no other error in the judgment, and with this correction it is approved.

Judgment reversed, and cause remanded for a judgment as herein indicated.

Opinion of Judge Barker on rehearing:

The tax bills involved in this action bear interest from the time and in the manner that other taxes bear interest under the provisions of the charter of cities of the first class; the various payments made by the railway to be applied as of the dates made, thus extinguishing principal and interest under the ordinary rule as to partial payments.

All other motions except as herein indicated overruled.