Case 88.—ACTION BY THE COMMONWEALTH, FOR USE OF HENDERSON COUNTY, AGAINST THE HENDERSON BRIDGE CO. TO RECOVER FRANCHISE TAXES.— June 9.

## Henderson Bridge Co. v. Commonwealth, For the Use of Henderson County.

Appeal from Henderson Circuit Court.

J. W. Henson, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Reversed.

Taxation—Franchise Taxes—Penalties—Interest.

1. Taxation—Franchise Taxes—Penalties—Ky. Stats., 1903, sec. 1882, authorizes the fiscal court to levy a poll and ad valorem tax for county expenses. Sec. 1883 provides that assessments made for State purposes shall be the basis for the levy of ad valorem taxes. Sec. 1885 provides that "said taxes" shall be due at the same time; and carry the same penalties, as State taxes. Sec. 4143 provides that State and county taxes shall be due on March 1st, and, if not paid by December 1st shall carry a 6 per cent. penalty. Sec. 4077 provides for the assessment of the franchises of certain corporations for State and county taxes. Sec. 4091 provides that corporations failing to pay the franchise taxes after 30 days' notice shall be deemed delinquent, and a penalty of 10 per cent. and 10 per cent interest shall be added to the tax. Held—That the taxes referred to by sec. 1885 are the poll and ad valorem taxes authorized to be levied by secs. 1882 and 1883, and fall due at the time provided, and carry the penalty imposed by sec. 4143; the 10 per cent. penalty and interest imposed by sec. 4091 applies only to taxes levied by the State for State revenue; and a tax levied by the county on the franchise of a corporation bears only the 6 per cent. penalty prescribed by sec. 4143.

2. Interest—Taxes do not bear interest until the bringing of an action thereon, unless otherwise provided by statute.

3. Same—A tax, made collectible by suit, bears interest from the date of the filing of the petition.

Henderson Bridge Co. v. Commonwealth, &c.

HELM, BRUCE & HELM for appellant.

1. By comparing the old sec. 4091, Ky. Stats., with the new sec. 4091 it will be seen that where the old section has "all taxes assessed against tny corporation," the new section has "all State taxes assessed against any corporation," and the new section further provides distinctly that the ten per cent. penalty and ten per cent. interest does not apply until the corporation shall receive a notice from the local officers of the amount of the tax bills in their hands.

2. Strictly speaking, the tax involved is not due for want of the statutory notice; but as a notice is given by the claim in the county court, it may be said that it would be too technical to claim that none of the taxes was due. But it is not too technical to say that the ten per cent. and ten per cent. penalty does not apply, because both of them being in the nature of penalties and punishment, they are not collectible against a corporation unless it has received the character of notice specified in the statute as the jurisdictional fact upon which to base the infliction of the penalties. (Owensboro Waterworks v. City of Owensboro, 24 Ky. Law Rep., 2532.)

MONTGOMERY MERRITT and L. POWELL TAYLOR for appellee.

### POINTS AND AUTHORITIES.

1. Res adjudicata. (Henderson County v. Henderson Bridge Co., 75 S. W., 242; Henderson Bridge Co. v. Negley, 63 S. W., 989; Louisville Bridge Co. v. Louisville, 65 S. W., 526; Campbell County v. Bridge Co., 66 S. W., 526; Davis, &c. v. McCarkle, 14 Bush, 754; Smith v. Brannin, &c., 79 Ky., 119; Francis v. Ward, &c., 81 Ky., 22; Ross v. Rees, 53 S. W., 271; Thompson v. Louisville Banking Co., 55 S. W., 1081; Louisville Ry. Co. v. Commonwealth, 105 Ky., 710; Paducah Street Ry. Co. v. County of McCracken, 49 S. W., 176; Louisville v. Louisville Ry. Co.)

2. What interest and penalties do taxes due the county bear. (Ky. Stats., secs. 1839, 1883, 1885, 4077, art. 3, 4083, 4086, 4087, 4091, 4143; Owensboro v. Owensboro Water Co., 74 S. W., 685.)

## Opinion by Judge Barker—Reversing.

This action was instituted against the Henderson Bridge Company by the county of Henderson, to recover taxes due for the years 1893, 1894, 1895 and 1896, upon its franchise as assessed by the State

Board of Valuation and Assessment for the years named. The corporation pleaded a former judgment in bar of the recovery sought. This plea was sustained by the trial court, and the petition of the county dismissed; whereupon it appealed to this court, and the judgment was reversed in County of Henderson v. Henderson Bridge Co., 116 Ky., 164, 75 S. W., 239, 25 Ky. Law Rep., 421, and the case sent back for a trial on the merits. After the return to the court below, upon final hearing, a judgment was entered as prayed for in the petition, bearing interest at the rate of 10 per cent. per annum until paid, and, in addition, a penalty of 10 per cent, upon the taxes ascertained to be due. From this judgment the bridge company has appealed.

In their brief counsel for appellant concede that all their contention, except the matter of 10 per cent. damages, and interest at the rate of 10 per cent. per annum, is untenable since the decision by the Supreme Court of the United States of the case of Coulter, Auditor v. Louisville & Nashville Railroad Co., 196 U. S., 599, 25 Sup. Ct., 342, 49 L. Ed., —, and we shall, therefore, consider the judgment only as to the question still contested.

Sec. 1882, Ky. Stats., 1903, is as follows: "That the court of claims or levy, or fiscal court, of each county in this Commonwealth is hereby authorized to levy and collect a poll and ad valorem tax to pay off the existing current indebtedness, and to defray the current and necessary expenses of the respective counties of the Commonwealth of Kentucky. But this act shall not be construed so as to authorize the court of claims or fiscal court of any county to levy a tax to pay any railroad bonded indebtedness, or any interest on any such indebtedness. That the poll tax shall not exceed one dollar and fifty cents on each

male person of the age of twenty-one years or more residing in the county. The ad valorem tax shall not exceed fifty cents on the one hundred dollars' worth of taxable property assessed in the county.

"Sec. 1883. That assessments made for State purposes, when supervised as required by law, shall be the basis for the levy and collection of the ad valorem tax authorized in the preceding section, and the officer who may collect the State revenue in each county shall also collect the aforesaid poll and ad valorem taxes.

"Sec. 1885. Said taxes shall be due at such times as the State revenue is, and anyone owing same who shall fail or refuse to pay the same when due, shall be subject to the same penalties prescribed by law for the non-payment of the State revenue, to be enforced by the same proceedings."

Sec. 4077 provides for the valuation and assessment of the franchises of certain corporations, of which appellant is one, for State, county, and municipal taxation, by the State board organized for the purpose.

Sec. 4091, as applicable to the taxes involved in this action (since amended) is as follows: "All taxes assessed against any corporation, company or association under this article, except banks and trust companies, shall be due and payable thirty days after notice of same has been given to said corporation, company or association by the Auditor; and every such corporation, company or association failing to pay its taxes, after receiving thirty days' notice, shall be deemed delinquent, and a penalty of ten per cent. on the amount of the tax shall attach, and thereafter such tax shall bear interest at the rate of ten per cent. per annum; any such corporation, company or association failing to pay its taxes, penalty and interest,

after becoming delinquent, shall be deemed guilty of a misdemeanor, and, on conviction, shall be fined fifty dollars for each day the same remains unpaid, to be recovered by indictment or civil action, of which the Franklin Circuit Court shall have jurisdiction.''

It is insisted by appellee that sec. 1885 supports its claim to 10 per cent. interest and damages, it being clear that, as sec. 4091 provides for 10 per cent. damages and 10 per cent. interest on State taxes, therefore, it is said the same rule is applicable to county taxes by the language of the section in question. This view is erroneous, as is apparent by an examination of sec. 1885. ''Said taxes,'' as there used, clearly refers to those taxes authorized by secs. 1882 and 1883, and which fall due at the same time as the State revenue; in other words, the general ad valorem revenue of the State. This is made plain by an examination of sec. 4143, which provides that ''all State, county and district taxes, except as otherwise specifically provided, shall be due and payable on and after the first day of March after the assessment. * * * Any person or persons failing to pay their taxes by the first day of December in the year following the assessment for such taxes, shall pay six per centum additional on the tax so due and unpaid.''

The expression ''said taxes,'' used in sec. 1885, as said before, refers to the taxes authorized to be levied by secs. 1882 and 1883. The taxes provided for by sec. 1882 are limited to a poll tax, and to an ad valorem tax not to exceed 50 cents on the one hundred dollars' worth of taxable property ''assessed'' in the county. The property, for the purpose of taxing the franchise, is not assessed in the county, but by the State board at Frankfort. The taxes to which sec. 1883 applies are those collected from assessments made for State purposes ''when supervised as re-

quired by law." The assessment by the State board
is not supervised at all. But it is useless to multiply
argument to establish what is plain, that secs. 1882,
1883 and 1885 apply to county taxation on tangible
property, and not to taxation of franchises of corpora-
tions assessed by the State board. The lower court
correctly so held.

That the provision for the imposition of the 10 per
cent. damage and 10 per cent. interest for the non-
payment of the taxes authorized by sec. 4091 applies
alone to State revenue has been decided several times
by this court.

In the case of Owensboro Waterworks Co. v. City
of Owensboro, 74 S. W., 686, 24 Ky. Law Rep., 2532,
it is said: "By sec. 4083 (Ky. Stats., 1899) it is the
duty of the Auditor, immediately after the value of
the franchise is fixed by the board, to notify the cor-
poration of the fact, and it is then allowed thirty
days from the time of receiving the notice to go be-
fore the board and ask a change in the valuation.
After the expiration of thirty days, by sec. 4084, it is
the duty of the Auditor to certify to the county clerks
the amount liable for county, city, town or district
tax. The notice by the Auditor to the corporation re-
ferred to in sec. 4091 can not be the notice named in
sec. 4083, for after that notice is given the corpora-
tion is allowed thirty days to go before the board for
a rehearing. The notice referred to in sec. 4091
seems to be a notice by the Auditor to the corporation
of the amount of its tax which is payable to the State
treasury, with a view to its payment, for the corpora-
tion is made delinquent if it fails to pay after re-
ceiving thirty days' notice and the Franklin Circuit
Court is given jurisdiction. The Auditor has noth-
ing to do with the collection of county or city taxes,
and the Franklin Circuit Court is the fiscal court of

the State. The same Legislature which passed this act also passed the act for the government of the cities of the third class, and by sec. 3400, which is part of the act for the government of these cities, 'all taxes shall bear interest at the rate of 8 per centum per annum from the first of October of each year.' The rule is that the acts of the same Legislature are to be read together, and under this rule sec. 4091 must be held not to apply to cities of the third class. We, therefore, conclude that interest should be allowed on the taxes from the first of October of each year at 8 per cent., and that no penalty beyond this should be charged.''

In the case of City of Louisville v. Louisville Railway Company, 118 Ky., 534, 81 S. W., 701, 26 Ky. Law Rep., 378, the opinion of the chancellor, following the Owensboro Waterworks Co. case, supra, and refusing to impose the 10 per cent. damage and 10 per cent. interest, was approved, although the case was reversed on another point. This is emphasized in the response to the petition for rehearing and modification of opinion (84 S. W., 535, 27 Ky. Law Rep., 141), in which we said: ''The tax bills involved in this action bear interest from the time and in the manner that other taxes bear interest under the provisions of the charter of cities of the first class.''

It is, therefore, clear that sec. 4091, in so far as damages and interest are concerned, by the force of its own terms applies alone to State revenue, and not to that of counties or municipalities; and as we have seen that sec. 1885 had reference alone to the taxes regulated by secs. 1882 and 1883, and not those provided for by sec. 4091, it follows that the judgment imposing a penalty of 10 per cent. in damages, and interest at the rate of 10 per cent. per annum on the taxes due, is to that extent erroneous and, for that

reason alone, is reversed for proceedings consistent herewith.

EXTENDED OPINION BY CHIEF JUSTICE HOBSON.

A penalty of 6 per cent. will be added to the taxes on the tangible property assessment on December 1st, after they became due, as provided by the statute. No interest will be allowed thereon until the bringing of the action, as taxes do not bear interest unless so provided by statute. But after the action was brought a different principle applies. The taxes were collectible by suit. The defendant's defense being adjudged bad, the taxes sued for, like any other account, should bear interest from the time the suit was brought, otherwise the defendant would be allowed to profit by the law's delay, and a premium would be held out to secure such delay, whereby the State is deprived of the money and the defendant is enabled to retain money it should have paid. The ends of justice require that in these tax suits the same principle should be applied as in other suits for money due by the defendant, and interest should be allowed from the filing of the petition. The same principle applies to the franchise taxes after the suit was brought.

The opinion heretofore delivered is modified as above indicated.