No. 9047.

THE STATE EX REL. ERNST & CO. VS. THE BOARD OF STATE AND CITY ASSESSORS.

Relators, who are engaged in the business of *milling rice*, cannot claim the exemption from property taxation under Art. 207 of the Constitution in favor of manufacturers of *flour*. The fact that, as an unavoidable incident of their milling business, a refuse is produced which is utilized and sold under the name of "rice-flour" or "rice polish," does not bring them within the letter or spirit of the Constitutional exemption.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus,* J.

---

*W. B. Koontz* for Plaintiffs and Appellants.

*C. F. Buck* and *L. O'Donnell* for Defendants and Appellees.

---

The opinion of the Court was delivered by

FENNER, J.  Relators, who are engaged in the business of milling rice, sue to cancel an assessment on the property, machinery and other property employed by them in their said business, upon the ground that they are exempt under Article 207 of the Constitution.

In the case of City vs. Ernst & Co., 35 A. 746, we have already held that relators were exempt from *license* taxation on the ground that they were *manufacturers*, within the purview of Article 206 of the Constitution.  But a very different question arises when they claim the exemption from *property* taxation under Article 207.

It is not sufficient, under the latter article, for them to be manufacturers simply, but they must be manufacturers of some of the *particular articles* specified therein.  They claim that the property for which they seek exemption is "employed in the manufacture of *flour*.

The object of the business of rice-milling is to clean and polish the grains of rice and to fit them for market in the form in which rice is usually sold.

But it appears that, in the process of decorticating and polishing rice, as an unavoidable incident thereof, a certain quantity of dust or small fragments of the grain is thrown off, which is gathered and sold under the name of "rice flour" or "rice polish," chiefly for manufacturing purposes, though, sometimes, as feed.

This is the foundation of the claim of relators that their business is that of manufacturing *flour*. The pretension has so small a *modicum* of even plausibility to sustain it, that we may dismiss it from serious consideration.

The formation of this so-called flour is a mere accident of plaintiff's business, and the article itself is refuse, which, under the nice economies of modern manufacturers, is utilized.

Relator's case falls without the purpose and meaning of the constitutional exemption.

Judgment affirmed.