## Dawkins Lumber Company v. Caudill, Sheriff.

(Decided January 19, 1926.)

### Appeal from Breathitt Circuit Court.

Taxation—Logging Railroad, Rolling Stock, Teams, etc., for Cutting and Hauling Logs to Sawmill, Held Not Exempt as "Machinery."—Logging railroad, rolling stock, teams, etc., by which taxpayer cut and hauled its logs to its sawmill in another county, held not a part of "machinery" of sawmill, exempted from local assessment under Ky. Stats., section 4019a-10.

GRANNIS BACH for appellant.

KASH C. WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

In this action in the Breathitt circuit court the Dawkins Lumber Company sought to restrain the sheriff of that county from collecting any but state taxes upon certain of its property having a situs in that county, claiming that it was exempt from local taxation by reason of the provisions of section 4019a-10, Ky. Statutes. The relief was denied and it has appealed.

Appellant owns a large boundary of timber land in Breathitt county, and also owns and operates a sawmill at Royalton, Magoffin county, a station on the Big Sandy and Kentucky River Railroad and located upon Licking river. The Big Sandy and Kentucky River Railroad reaches Carver, in Magoffin county, near the Breathitt county line. From that point the appellant has constructed a steel gauge railroad to its land and upon same to Quicksand. It cuts its timber and skids or hauls its

logs to its railroad, loads them on the cars and transports them by its own engine and cars to Royalton, it having a traffic arrangement to that effect with the Big Sandy and Kentucky River Railroad.   It owns seven and one-half miles of railroad in Breathitt county and a number of logging cars, log loaders and teams, all of which are used in its business and which it claims are necessary in the conduct of its sawmill.   It listed its real estate and timber and paid the local assessment thereon, but claimed that its line of railroad, rolling stock, teams, &c., were exempted from local assessment under the statute, *supra,* which reads:

> "All property subject to taxation for state purposes, as provided in section 4020, Ky. Statutes, shall be subject also to taxation in the county, city, school or other taxing district in which same has a taxable situs, except the following classes of property, which shall be subject to taxation for state purposes only . . . (2) Machinery and products in course of manufacture of persons, firms or corporations actually engaged in manufacture and other raw material actually on hand at their plants for the purpose of manufacture."   Section 4019a-10, Ky. Statutes.

No doubt the word "machinery" as here used includes all equipment pertaining to or used in the conduct of the manufacturing plant, but it does not embrace collateral activities in other fields of endeavor which are not essential to the conduct of the primary business, even though these promote an economic development of such business.   It may have been good business policy for appellant to co-ordinate its activities by cutting its timber and delivering its logs to its own mill in an adjoining county and it was legitimate for it to do so, but this did not change the character of its logging operations or render the vehicles or tramways used in such delivery a part of the machinery of the factory—sawmill.   True a mill cannot operate without raw material, neither can any other factory, and, as in cases of other factories, a sawmill may be operated without the ownership of standing timber.   It may be operated by one person and the raw material furnished by another, logs may be purchased to be delivered to the mill.   Certainly when delivered by other persons it could not be said that the machinery used for their transportation was a part

of the factory plant, and in such cases the machinery would be taxable, and this cannot be avoided by the owner of the mill purchasing the timber and means of transportation. To hold otherwise would be to discriminate between owners of the same class of property, and such was never contemplated by the legislature. It is clear that, even under a liberal construction of the statute, the property named is not exempt from local taxation, and under a strict rule of construction there could be no question upon that point.

Wherefore, perceiving no error, the judgment is affirmed.