# Illinois Central Railroad Company v. City of Paducah et al.

## Same v. Holt et al.

(Decided February 15, 1929.)

WHEELER & HUGHES, R. V. FLETCHER, CHAS. N BURCH and TRABUE, DOOLAN, HELM & HELM for appellant.

HOLLAND BRYAN and W. V. EATON for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

These two cases, involving the same question, were heard together in this court, and will be disposed of by this one opinion.

Section 4019a10 of the Kentucky Statutes provides in part: "All property subject to taxation for state purposes as provided in sec. 4020, Kentucky Statutes, shall be subject also to taxation in the county, city, school or other taxing district in which same has a taxable situs, except the following classes of property which shall be subject to taxation for state purposes only: . . . (2) Machinery and products in course of manufacture, of persons, firms or corporations actually engaged in manufacturing and their raw material actually on hand at their plants for the purpose of manufacture."

The appellant, Illinois Central Railroad Company, plaintiff below, maintains at Paducah, Ky., very elaborate shops, wherein it repairs its equipment and manufactures, in the literal sense of that word, in great quantities, parts of engines, freight cars, passenger cars, and their accessories, for use on its railroad. The petition of the appellant sets out with much elaboration and great detail the facts concerning this manufacturing, and also describes with certainty the machinery and raw material on hand in its shops for the purpose of manufacture and the products in course of manufacture it had on the last assessing date. This statement of the appellant is somewhat supplemented by the answer of the appellees, the city of Paducah and the county of McCracken. The question presented for decision by this suit, which was brought under the Declaratory Judgment Act, is whether this machinery, raw material, and these products are under the statute above quoted exempt from local taxation or not. The lower court held that they were not, and from that judgment this appeal is prosecuted.

It is conceded that, were the property for which exemption from local taxation is here sought by the appellant owned and used, say by the Baldwin Locomotive Company, in the same location and in the same way as it is owned and used by the appellant, such property would be exempt from local taxation under the terms of the statute. But it is argued that, being owned and used as it is by the appellant, it is not so exempt. The appellees base this distinction they make on three grounds,

which we shall state in order of ascending importance: First, they say the statute was not intended to exempt from local taxation the machinery, raw material, and products in course of manufacture of any person, firm, or corporation engaged in manufacturing except in so far as such person, firm, or corporation was using for such manufacturing raw materials produced in this state. Secondly, the described property is not exempt from local taxation under the statute unless the product of the manufacturing is designed for barter and sale in the commercial world. Thirdly, the statute did not intend to exempt such property which is owned and used by a person, firm, or corporation in manufacturing which is only incidental to the real business of such person, firm, or corporation which is other than manufacturing. We shall consider these grounds in their order.

It seems plain to us that the purpose of the statute was to encourage the manufacture of goods and wares in this state, thereby affording labor to many people, distributing pay rolls in the community, and increasing the value of property generally in the community, due to the necessity of habitation being afforded to those who would labor in the factories and the establishment and maintenance of all kinds of businesses attendant upon the growth of any community. Buildings to house such manufacturing would also have to be erected, and thereby the taxable values in the community would be increased. Further, the push and pulse of business would attract an increasing population with the inevitable rise of wealth and taxable values in the community. We are cited to nothing in the statute or contemporaneous history that would indicate it was the purpose of the Legislature to confine the exemption to such property owned by persons who only used in their manufacturing the raw materials of the state. The purpose of the statute was to encourage manufacturing. Although the stimulation of the use of our raw materials was probably one of the hoped for benefits which would follow in the train of the increase of manufacturing, yet it was not intended that, because such stimulation did not attend every manufacturing, such manufacturing as it did not attend should not enjoy the declared exemption. There were other hoped for benefits just as important as the stimulation of the use of our raw materials and the Legislature intended that the community should enjoy such benefits as would come from the growth of manufacturing, although it might not get all

possible benefits which manufacturing might be capable of conferring. We are therefore of the opinion that the first distinction which appellees seek to make is not sound.

Passing to their second contention, we are of the opinion that the purpose of the statute, as outlined above, is just as effectively obtained when the manufactured goods are consumed, as they are by the appellant in this case, as when they go into general trade as objects of barter and sale. It must be remembered that just as soon as completed the manufactured product, no matter by whom manufactured, then becomes subject to local taxation the same as any other property. It was the manufacturing which was sought to be encouraged, and not the sale or exchange of the manufactured product. The benefits hoped for by the declared exemption are just as surely conferred by the establishment by the appellant of its shops at Paducah as they would have been by the Baldwin Locomotive works establishing a plant there. The appellant was free to establish its shops anywhere on its system that it desired. It established them at Paducah. No doubt the exemption from local taxation here sought was a potent influence in the choice of that locality for such shops. To encourage just such a choice, the statute was designed. Appellees, however, rely upon certain expressions to be found in some opinions of this court construing this statute. For example, they cite the case of City of Louisville v. Zinmeister & Sons, 188 Ky. 570, 222 S. W. 958, 10 A. L. R. 1269, wherein we said:

"If raw material is converted at a factory or plant into a finished product, complete and ready for the final use for which it is intended, or so completed as that in the ordinary course of business of the concern it is ready to be put upon the open market for sale to any person wishing to buy it, the plant which turns it out is a manufacturing establishment within the meaning of the statutes, and we think the trial court correctly held the petition of appellee good and awarded the injunction prayed. Wherefore, the judgment is affirmed." See, also, Lorrilard Co. v. Ross, 183 Ky. 217, 209 S. W. 39.

Appellees seize upon the expression, "to be put upon the open market *for sale*" (italics ours), in the foregoing excerpt, and argue that, unless the manufactured article be designed for sale or barter, then the machinery, raw material, and the product itself in course of manufacture

are not exempt from local taxation. The fallacy in the proposition that the quoted excerpt sustains appellees' argument may on slight reflection be detected, since it does not follow that, if a manufactured article is designed for sale, the person who made it is engaged in manufacturing within the meaning of the statute; then, unless it be so designed for sale, he is not. The latter proposition is not necessarily encompassed within the former any more so than is the latter of the two following propositions necessarily encompassed within the former—if this object is a horse, it is an animal, but, if it is not a horse, it is not an animal. Even the quotation from the Zinmeister case is put in the alternative, for it says that, if the product is finished ''complete and ready for the final use for which it is intended, *or* so completed'' as to be ready to be put upon the open market for sale, the person making it is engaged in manufacturing within the meaning of the statute. The cases do not sustain appellees' argument, and the reason of the proposition is, as we have seen, against them.

The third position of appellees is more serious. The precise question raised by this argument has not been determined in this state, nor are we cited to any authorities elsewhere exactly in point. Appellees rely on a line of cases from New York, Pennsylvania, and Louisiana (People v. Horn Silver Mining Co., 105 N. Y. 76, 11 N. E. 155; Com. v. Westinghouse Elec. & Mfg. Co., 151 Pa. 265, 24 A. 1107, 1111; State ex rel. Ernst & Co. v. Board of Assessors, 36 La. Ann. 347) in which the question involved was whether the capital stock of manufacturing establishments in the hands of the stockholders was exempt from taxation. The New York statute exempted such stock of corporations ''wholly engaged in manufacturing.'' Laws N. Y. 1880, c. 542, sec. 3. The Pennsylvania statute exempted such stock of corporations ''organized exclusively for manufacturing purposes.'' Laws Pa. 1889, p. 431, sec. 21. In Louisiana, the exemption attached to manufacturers. Of course, under such statutes, the main, if not the whole, business of the corporation would have to be a manufacturing one. Our statute does not make use of the words ''exclusively'' or ''wholly'' or of any word of like import. On the contrary, the case of Dawkins Lumber Co. v. Caudill, Sheriff, 212 Ky. 484, 279 S. W. 617, shows that, to obtain the exemption here claimed, the company does not have to be wholly or exclusively engaged in manufacturing, for there the com-

pany had many activities other than manufacturing, and yet the property of the lumber company described in the statute here in question used by it in its manufacturing activity was exempted from local taxation, although the property employed by the lumber company in its other activities was subjected to such local taxation. Further, it will be noted that the New York, Pennsylvania, and Louisiana statutes exempted the capital stock of manufac- turing establishments, and hence it became necessary to define those words. Under our statute, the exemption is not upon a manufacturing establishment, but it is upon the property of persons actually engaged in manufacturing. It is the property that is being used in manufacturing which is exempt. The purpose of the act being as broad as we have stated it above, it would be necessary to read into the statute the restriction which appellees seek to put in it in order to defeat the claim of the appellant to this exemption. If the purpose was to encourage manufacturing, then that purpose is attained when a person, firm, or corporation engages in manufacturing, although not exclusively so, and although incidentally to some other business carried on by him or it. The pay rolls are the same; the labor afforded is the same—in fact all the benefits noted above are the same. The appellant could have located its shops elsewhere than in Paducah. It chose Paducah, moved, no doubt, to such choice, at least in some measure, by the exemption here claimed. Locating its shops in Paducah, the appellant brought to the community just those things and benefits which the statute sought to have brought. As stated so often in this opinion, had the manufacturing here involved been done by the Baldwin Locomotive Company, the exemption here sought would not have been contested. The community gains exactly the same by the manufacturing being done by the Illinois Central Railroad Company as it would have done had it been done by the Baldwin Locomotive Company. We are therefore of the opinion that the third and last position of the appellees likewise cannot be maintained.

The judgments of the lower court are therefore reversed, with instructions to enter a judgment in each case declaring that the property described and set out in the petition is exempt from local taxation.

Whole Court sitting.