# Reeves, Commissioner of Revenue et al. v. Louisville Gas & Electric Co.

March 17, 1942.

26

Hubert Meredith, Attorney General, M. B. Holifield, Assistant Attorney General, Millard Cox and Richard P. Dietzman for appellants.

Charles W. Milner and George W. Norton, Jr., for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The question before the court is whether manufacturing machinery of a public utility company in Louisville is subject to local taxation. It involves the construction of two amendments to the Kentucky Constitution and of two statutes which respectively carry them into effect. The suit is by the appellee, Louisville Gas & Electric Company, claiming exemption of its property of that class, against the members of the State Tax Commission and the Attorney General, for a declaration of rights, and an injunction restraining the certification of assessments of its machinery for local franchise and tangible taxes for the years 1935 to 1938, inclusive. Section 4077, Kentucky Statutes. The amount of the city tax, with penalties and interest for the four years, is in excess of $1,300,000. The City of Louisville and its taxing officers and the Jefferson County Board of Education intervened and were made parties defendant. The circuit court adjudged the plaintiff's manufacturing machinery to be exempt from local taxation and granted appropriate relief. The defendants appeal; but the argument is confined to the taxability of the property by the City of Louisville only. As is well-known, it is the only city of the first class in the state.

Prior to 1915 all property not expressly exempted by Section 170 of the Constitution (being of religious, charitable and educational institutions, etc.) was required to be taxed by all local taxing districts as well as by the state on the ad valorem basis. Levi v. City of Louisville, 97 Ky. 394, 30 S. W. 973, 28 L. R. A. 480. In 1915 an amendment to Section 171 of the Constitution was adopted, the pertinent part of which is as follows:

"The general assembly shall have power to divide property into classes and to determine what class or

classes of property shall be subject to local taxation."

Section 4019a-10, Statutes, relating to property subject to local taxation, was first enacted in the revision of the taxing laws at a special session of the General Assembly in 1917, following the adoption of the amendment. Chapter 11. It provides that all classes of property subject to taxation for state purposes shall be subject also to taxation by the county, city, school or other taxing district in which the same has a situs except certain enumerated kinds, which excepted classes are taxable only for state purposes. Among those exemptions is manufacturing machinery. An amendment to this statute enacted in 1922, Chapter 18, declares the publication of newspapers and the operation of public printing plants to be manufacturing within the meaning of the act. Otherwise, neither that amendment nor the re-enactment of the entire section with certain amendments in 1924, Chapter 116, affects the original act as it relates to the exemption of manufacturing machinery. The underlying purpose of the constitutional amendment to Section 171 and the statute is, in part, to encourage manufacturing for its consequent public benefit. Illinois Central Railroad Company v. City of Paducah, 228 Ky. 65, 14 S. W. (2d) 172.

For twenty-three years the machinery of the appellee and of all other manufacturers in Louisville was regarded as exempt from local taxation as such class of property had been and is now recognized to be exempt elsewhere. Kentucky Electric Company v. Buechel, 146 Ky. 660, 143 S. W. 58, 38 L. R. A., N. S., 907, Ann. Cas. 1913C, 714; Kentucky & West Virginia Power Company v. Holliday, 216 Ky. 78, 287 S. W. 212. It is not claimed by the appellants that machinery owned by other than a public utility company in Louisville, and in Louisville alone, is taxable. But the appellee submits the question is so far reaching as to involve also the local taxation of all machinery and all cash and securities. The claim of taxability of such property of such company in such city is rested upon the closing sentence of Section 4019a-10, which was contained in the original act of 1917 and the re-enactments of 1922 and 1924, as follows:

"Nothing herein shall be construed to repeal or amend chapter thirty-three of the Acts of 1904, approved March 18, 1904, entitled, 'An act to amend

the revenue laws of the cities of the first class so as to carry into effect the amendment of Section 181 of the present Constitution.' "

This, it is argued, makes invalid the exemption by the City of the machinery from advalorem taxes.

The case is to be decided upon the construction and application of this special statutory declaration which, in turn, is dependent upon the interpretation of Section 181a of the Constitution, and the Act of 1904.

Section 181 is part of the original constitution. It prohibits the General Assembly from imposing local taxes but authorizes it, by general laws, to confer the taxing power upon counties and municipal corporations. It authorizes the legislature to provide for license fees, for special or excise taxes on certain classes of property, and to delegate like power to the subordinate taxing districts. In 1903, the constitution was amended by the re-adoption of Section 181 with additional provisions, a part of which is the following:

> "And the general assembly may, by general laws only, authorize cities or towns of any class to provide for taxation for municipal purposes, on personal property, tangible and intangible, based on income, licenses or franchises, in lieu of an ad valorem tax thereon."

Thus far Sections 171 and 181 as amended (published as 181a), with their respective operative statutes, are easily correlated. The one declares what shall be taxed and what may be exempted locally; the other how it shall be taxed. The one relates to the subject matter of taxation; the other to the manner of taxation. But the amendment of Section 181 also carries the following proviso:

> "Provided, Cities of the first class shall not be authorized to omit the imposition of an ad valorem tax on such property of any steam railroad, street railway, ferry, bridge, gas, water, heating, telephone, telegraph, electric light or electric power company."

And Chapter 33 of the Acts of 1904 has the same proviso. This seems on its face to relate to subject matter and not the method of its taxation, for it denies the right of the legislature to empower a city of the first

class—and that class only—to exempt from ad valorem taxation any property belonging to the named public service companies. But when the proviso is read with the rest of the amendment which authorizes cities of any class to adopt a method of taxing personal property on the basis of income or by license, or as a franchise "in lieu of an ad valorem tax," and is read in the light of contemporary history, the proviso is brought into harmony with the entire section as amended and shows it deals only with the method of taxation.

First, standing alone, the provisos, that property of the public utilities shall not be omitted from ad valorem taxation, clearly deny the city the power to exempt any class of property of such companies. But when it is read with the rest of the amendment of Section 181, which deals with the mode of taxation and authorizes the option to substitute other methods, it becomes apparent, we think, that the proviso means that the alternative mode shall not be substituted for the ad valorem basis. It is important to bear in mind that when it was adopted as part of Section 181 of the Constitution, Section 170 dealt with the exemptions and Section 171 required that all other property must be taxed. Thereupon the legislature in 1904 required the City of Louisville to tax all property subject to state taxation, but permitted the substitution of the ad valorem basis for personal property excepting that of the public service companies as required by the proviso. Then thirteen years later, pursuant to the recent amendment of Section 171 of the Constitution in 1915, the legislature withdrew the power to tax manufacturing machinery. There is no reason why it must be said the proviso of the amendment to Section 181 must be regarded as not entitling public service companies to the immunities of the later constitutional amendment and operative statute.

Secondly as to the historical development of the amendment to Section 181. Following the decision in Levi v. City of Louisville, supra, in 1895, holding that the City of Louisville was without authority to substitute a license tax for the ad valorem tax on personal property, as it had undertaken to do by ordinance, agitation began by business organizations in that city for an amendment of the constitution that would enable the municipality to use that method by way of substitution. The result was the amendment to Section 181 in 1903 as we have de-

scribed. See Wiemer v. Commissioner's Sinking Fund, 124 Ky. 377, 99 S. W. 242. The proviso in the amendment, that property of public service companies in cities of the first class should not be omitted from ad valorem tax, was added at the instance of the City Attorney of Louisville, Colonel Henry L. Stone, who had successfully opposed an attempt by the city council and mayor to substitute an exclusive license tax of the franchise of the street railway company pursuant to a contract made several years before. See City of Louisville v. Louisville Railway Company, 111 Ky. 1, 63 S. W. 14, 98 Am. St. Rep. 387; City of Louisville v. Louisville Railway Company, 68 S. W. 840, 24 Ky. Law Rep. 538; City of Louisville v. Louisville Railway Company, 118 Ky. 534, 81 S. W. 701, 84 S. W. 535; Proceedings of Kentucky State Bar Association, June 22, 1905. The only purpose of the proviso was to prevent the release from taxation on the ad valorem basis of franchise or personal property of public service companies in Louisville.

So, while the constitutional proviso had the result of preventing exemption, its primary purpose was to prevent substitution of a different mode altogether. But the subsequent amendment of Section 181 of the Constitution granted the legislature authority to remove the barrier as to manufacturing machinery and other property by classification. It is still present as related to other personal property of the public service companies which has not been classed as exempt from local taxation.

We turn to consider the Statutes.

The Act of 1904, Chapter 33, referred to in Section 4019a-10 of the Statutes, repealed and re-enacted the previous law relating to taxation by cities of the first class, then, as now, published as Section 2980 of the Statutes. It gave the City of Louisville the power to tax all property "subject to taxation for state purposes," just as the same statute had theretofore provided. But among other things, the Act of 1904 added the option authorized by the amendment of Section 181 of the Constitution to substitute income or license taxes in the place of ad valorem taxes on personal property, excepting public service companies as contained in the proviso. Then came the amendment of Section 171 in 1915, and the enactment of Section 4019a-10 of the Statutes in 1917, declaring that manufacturing machinery should be exempt from city taxation altogether, and containing the pro-

vision (which the circuit judge referred to as "the serpent far from the Garden of Eden") that the Act of 1904 should not be regarded as repealed or changed. The Act of 1904, published as part of Section 2980, Statutes, had been repealed and re-enacted in 1920 (Chapter 84) so as to withdraw the power of the City to tax cash, securities and manufacturing machinery, by having it read, in part, that a city of the first class should have the power to tax all property within its limits which was "subject to taxation for city purposes"—instead of state purposes—the Act of 1917, Section 4019a-10, having theretofore declared what a city should not tax. Thus Section 2980 was brought into harmony. The proviso as to public service companies was also carried into the 1920 Act. Nevertheless, when the legislature re-enacted Section 4019a-10 of the Statutes in 1922, Chapter 18, and again in 1924, Chapter 116, it continued to refer to the Act of 1904 by the same precautionary declaration. Obviously, this could mean only so much of that Act as had not been expressly modified in the interim. And during that interim manufacturing machinery had been exempted.

This confusion and indifferent references to an Act twice repealed and re-enacted with amendments indicates a lack of care which would not have existed had the legislature understood or regarded the reference in the proviso as having the constructive effect of imposing taxes of so great involvement and of so large amounts as the appellants contend it had during all this time. Had that been intended the legislature would have spoken certainly and specifically.

Added to this attitude of the legislature is the recognition of exemption of manufacturing machinery of the several public service corporations in Louisville for a period of twenty-three years by all local tax administrative boards and officers of Jefferson County and the City of Louisville, and for a lesser period, since 1927, by the state agencies who have had the duty of assessing the property, tangible and intangible, of such companies for local taxation. The understanding of and application by those charged with the duty of construing and executing the law when it first came into operation has been sanctioned by long acquiescence by their successors in office. While no contemporaneous construction by administrative officers can be allowed to defeat the plain purpose and language of a statute, this construction by

the executive branches of the state and city governments, and the failure of the legislature during the years to make it clear that such was not its intent, afford an exceptionally strong case for resort to the rule. City of Louisville v. Louisville Water Company, 105 Ky. 754, 49 S. W. 766; Cave Hill Cemetery Company v. Gosnell, 156 Ky. 599, 161 S. W. 980; Barker v. Crum, 177 Ky. 637, 198 S. W. 211, L. R. A. 1918F, 673.

It is not necessary to consider the argument that the title to the Act of 1917, which became Section 4019a-10 of the Statutes, limits its application, or that manufacturing machinery should be regarded as real property rather than personal.

We think the circuit court properly construed the laws as not authorizing the assessment of the appellee's manufacturing machinery for local taxation.

Judgment affirmed.

Whole Court sitting.