CENTRAL COLOSO, INC., Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Intervener.

No. 209. Argued May 2, 1949.—Decided June 13, 1949.

*D. Guerrero Noble* for petitioner. *Vicente Géigel Polanco, At-*

---

[3] Cf. Rule 6(a), Rules of·Civil Procedure; *Lucchetti* v. *District Court*, 66 P.R.R. 99.

*torney General,* and *Elmer Toro Lucchetti, Assistant Attorney General,* for intervener, respondent in the main action.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The problem here is whether railroad cane cars used to haul cane to a central were exempt from excise taxes under § 16–B of the Internal Revenue Act, as amended by Act No. 77, Laws of Puerto Rico, 1944, and § 2, article 4(d)(1) of Regulation 52 of the Treasurer issued pursuant thereto.[1] Central Coloso, Inc. paid $7,341.38 under protest as excise taxes on 100 cars it brought to Puerto Rico in 1946 and sued in the Tax Court for refund. The case is here on certiorari to review the decision of that court dismissing the complaint.

 The petitioner owns and operates an industrial plant dedicated to the production of raw sugar. The cars in question are used to haul cane to their factory, including the 32½ per cent of the cane it grinds which it receives from colonos. In the dead season it uses these cars whenever necessary to move parts of factory machinery being repaired or maintained.

Cases interpreting exemption statutes even broader than ours hold that equipment used by an industrial plant in transporting raw materials to the plant is not considered as equipment essential to the industrial operation, and consequently does not come under a tax exemption for an industrial plant, its equipment and machinery. The theory of these cases is that, in the light of the restrictive interpretation required

---

[1] Section 2 of Act No. 77 reads as follows:

"Section 16–B.—There shall be exempt from the. payment of the excises imposed by this Act all machinery, apparatus, or equipment that may be essential for the establishment and operation of industrial plants; *Provided,* That the Treasurer of Puerto Rico shall prescribe the regulations that may be necessary in order to enforce the provisions of this section."

Section 2, article 4(d)(1) of Regulation 52 provides that the exemption does not include "Transportation of raw materials from the sources of supply, or from the ports of entry of the island, to the premises of the industrial plant."

of tax exemption statutes,[2] the industrial process does not include transportation of the raw materials needed for that process. *Adams County* v. *National Box Co.*, 88 So. 168 (Miss., 1921); *Dawkins Lumber Co.* v. *Caudill*, 279 S.W. 617 (Ky., 1926); *City of Louisville* v. *Howard*, 208 S.W. 2d 522, 526 (Ky., 1947). Cf. *State Tax Commission* v. *Baltimore Asphalt B. & T. Co.*, 26 A. 2d 371 (Md., 1942); *City of Columbus* v. *Muscogee Mfg. Co.*, 140 S. E. 860 (Ga., 1927). By the same token, our statute is even clearer in requiring this same result. It shows on its face that the Legislature intended to restrict the exemption to the unit which constituted the industrial plant.

In view of the foregoing, we do not agree with the contention of the petitioner that § 2, article 4 (d) of the Regulation is not in accord with the statute. Cf. *Chabrán* v. *Bull Insular Line, Inc.*, 69 P.R.R. 250.

Section 16–B was amended by Act No. 436, Laws of Puerto Rico, 1947, after these cars were introduced into Puerto Rico. The new Act contains a specific provision denying the exemption claimed herein.[3] Nevertheless, §

---

[2] *Buscaglia, Treas.*, v. *Tax Court*, 68 P.R.R. 34.

[3] Section 1 of Act No. 436 reads as follows:

" 'Section 16–B.—There shall be exempt from the payment of the excises imposed by this Act all apparatus, machinery, or equipment that may be essential for the establishment and operation of industrial plants; *Provided,* That there, shall be considered covered by this exemption the sub-units or major features of the said apparatuses, equipment, or machinery that may be necessary to replace other sub-units or to enlarge or improve the equipment, but there shall not be included the spare parts, parts, or accessories of the machinery or of the sub-unit whose "cost in Puerto Rico" per individual unit may be less than twenty (20) dollars; *Provided, likewise,* That there shall be understood by sub-unit or major feature the substantial sections, parts, or accessories of the essential machinery or equipment; *Provided, finally,* That this being an exemption which covers the essential machinery for the establishment and operation of industrial plants, it shall be construed as applicable only to the machinery of the factory stage of production of the industrial process, having to do with raw materials from the beginning of the manufacturing process until completion thereof, including packing and labeling of the product; but it shall not cover the machinery, apparatuses, equipment, or vehicles used in the administrative or commercial stage of the industry; *Provided,*

16–B, although couched in general terms, meant substantially the same thing prior to the amendment, which on this point was merely declaratory of already existing law by making it more detailed and specific. 1 Sutherland, Statutory Construction, 3rd ed., § 1930, p. 415. Indeed, the chief purpose of Act No. 436 apparently was to meet the situation created by our decision in *Buscaglia, Treas., v. Tax Court*, 67 P.R.R. 53, as to parts and accessories, rather than to include the incidental clause involving the problem herein. See also, *Caparra Dairy v. Tax Court*, 67 P.R.R. 292. We are therefore of the view that Act No. 436 does not affect the result in this case.[4]

The petitioner also relies on certain regulations of the Public Service Commission as to hauling cane and on *Calaf v. González*, 127 F. 2d 934 (C.C.A. 1, 1942), which holds that employees of the mill engaged in transporting cane are covered by the Fair Labor Standards Act. But regulation of the petitioner as a public utility and coverage of a remedial wage statute which must be liberally interpreted have no bearing on a tax exemption statute which clearly does not cover transportation of raw materials and which in any event must be strictly construed. And cf. *Sancho v. Bowie*, 93 F. 2d 323, 326 (C.C.A. 1, 1937).

The order of the Tax Court dismissing the complaint will be affirmed.

Mr. Justice Negrón Fernández did not participate herein.

---

*however*, That there shall be covered by the said exemption any machinery or equipment installed in the manufacturing plant for the health of the workers or for the prevention of accidents.' "

[4] Act No. 195 of May 7, 1949, amending § 16–B, likewise has no bearing on this case.