## FONTAINE v. DEPARTMENT OF FINANCE et al.

Court of Appeals of Kentucky.
June 20, 1952.

Robert E. Hatton, Louisville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Hal Williams, Asst. Atty. Gen., William E. Scent, Asst. Atty. Gen., for appellee.

MILLIKEN, Justice.

This is an appeal from a judgment of the Franklin Circuit Court sustaining a general demurrer and dismissing the petition upon the ground that it stated no cause of action.

On April 2, 1951, C. Ralph Fontaine, now the appellant, filed a declaratory judgment action against the Department of Finance seeking a refund of income taxes assessed against him for 1948 and 1949 and paid by him under protest in January, 1951, in order to prevent the accumulation of penalty and interest should he be proved wrong in his contention that he had been illegally taxed. He seeks a construction of KRS 141.085(2), declaring the legislative intent that "income received by any person or his dependents from the Federal Government for war-time service" in the armed forces or nursing service be deductible from state income taxation as therein provided. Fontaine claimed that the full amount of his military pay, $9,140, was deductible under the statute, but the Department of Revenue allowed only $2,-640 of that amount to be deducted.

Prior to his filing of this action against the Department of Finance in the Franklin Circuit Court, which apparently was done under the procedure stated in KRS 141.-230, Fontaine had sought relief directly from the Department of Revenue by pursuing the procedure afforded by KRS 131.-110, covering direct appeals to that Department, and thence to the Kentucky Tax Commission. Within the fifteen day appeal period following his failure to obtain relief from the Kentucky Tax Commission, he appealed to the Franklin Circuit Court as permitted by KRS 131.120, but did not make the Department of Revenue or the Kentucky Tax Commission parties to the suit until eight days after the expiration of the fifteen day period for appeal, and confined his original petition to the Department of Finance. No complaint was made in the Franklin Circuit Court about this procedure, and it is raised for the first time here.

The Department of Revenue insists that to allow Fontaine to file his action under KRS 141.230 against the Department of Finance after he had pursued his remedy within the Department of Revenue and before the Kentucky Tax Commission, as set out in KRS 131.110, would nullify the functioning of the Department of Revenue and the Kentucky Tax Commission in this field for all practical purposes. The Commonwealth contends the procedure before the Department of Revenue and the Kentucky Tax Commission is an exclusive remedy—that the action under KRS 141.230 for a refund from the Department of Finance has been repealed by implication. Except for the fact that the correct construction of a taxing statute is the real issue here and not the mere determination of Mr. Fontaine's legal rights in the premises, we would have to give great consideration to the argument of able counsel for the Commonwealth, for the relation and meaning of these remedial statutes certainly are not clear. However, the importance of the construction of the taxing statute to a large class of citizens persuades us to adjudicate the merits of the case under the Declaratory Judgment Act. As stated in Davis on Administrative Law, 1951 Edition, Section 219 at page 749:

"Except when clear statutory remedies are exclusive, the best way to avoid losing a case on account of wrong choice of remedies is probably to combine the declaratory action with whatever other remedy or remedies may seem to be available. Such a combination is generally permissible and is advantageous in that the merits will be considered if any one of the remedies sought is found to be appropriate."

The pertinent parts of Chapter 24 of the Acts of 1948, now KRS 141.080 and KRS 141.085(1) (2), read:

"Section 1. (Now KRS 141.080)

"To make it clear that it was the legislative intent that any income received by any person or his depend-

ents from the Federal Government for war-time service in the United States Army, Navy, Marines or Nursing Service of the United States Government be deductible under KRS 141.-080, said section is amended and re-enacted to read as follows:

"Taxpayers reporting income as prescribed by this chapter shall be allowed the following deductions: * * *

"(11) All income received from the Federal Government by any person or his dependents by reason of war-time service in the United States Army, Navy, Marines, or Nursing Service of the United States Government.

"Section 2. (Now KRS 141.085 (1))

"Any person who has paid or pays taxes on any of the income referred to in Subsection (11) of Section 1 of this Act shall be entitled to a refund of such taxes.

"Section 3. (Now KRS 141.085 (2))

"Any person who has paid or pays taxes on any of the income referred to in Subsection (11) of Section 1 of this Act may, irrespective of the validity of the authorization of any refund of such taxes by this Act or any other Act or statute, forego such refund and deduct from future gross income an amount equivalent to the income on which such taxes were so paid. Such deduction must be taken within five taxable years from the effective date of this Act and may be taken in whole or in part in any one of those years. * * *"

The present litigation is proof enough that the General Assembly has not succeeded in its declared intention "to make it clear" what it meant. It may be well to bear in mind that the statutes in question are provisions of our income tax law, and were not enacted as portions of a law granting a pension or bounty to a class of citizens who have performed a great public service. As portions of our income tax law they must be construed and applied in conjunction with all of the provisions of that law. Our individual income tax is levied on the "entire net income as defined for purposes of taxation". KRS 141.020. During the period 1942–1945, as it is now, net income was defined by KRS 141.010(9) to mean " * * * the gross income of a taxpayer less the deductions allowed by this chapter." After "net income" was ascertained the personal exemptions allowed under KRS 141.-060 (1944 Edition) were deducted therefrom and the amount remaining was subject to tax under KRS 141.020.

The quoted provisions of Chapter 24 of the Acts of 1948 do not change the method of computing the tax; they merely provide that "any person who has paid or pays taxes on any income referred to in Subsection (11) of Section 1, KRS 141.-080, shall be entitled to a refund of such taxes," or he "may * * * forego such refund and deduct from future gross income an amount equivalent to the income on which such taxes were so paid" in whole or in part in any one of the five taxable years following February 27, 1948. The amount deductible is not the *gross,* wartime service income as contended by the appellant, but rather the *net, taxable* wartime service income—"the income on which such taxes were so paid."

"In interpreting a doubtful word of controlling importance or in construing an ambiguous taxing statute, it is logical to consider the consequences of one or another conception." Atlantic Coast Line R. Co. v. Commonwealth, 302 Ky. 36, 193 S.W.2d 749, at page 758. The conception of the law advocated by the appellant would allow him a tax benefit of over five times what he had paid as Kentucky income tax on wartime service income during his tenure of military service. It would require a most lucid legislative mandate to cause us to entertain the appellant's contention, and after that we would be confronted with the question of its constitutionality.

The judgment is affirmed.

COMBS, J., not sitting.