**UNITED SHOE MACHINERY CORP. et al.
v. McCRACKEN COUNTY et al.**

**UNITED SHOE MACHINERY CORP. et al.
v. CITY OF PADUCAH et al.**

Court of Appeals of Kentucky.

June 5, 1953.

As Modified on Denial of Rehearing
March 19, 1954.

Waller, Threlkeld & Whitlow, Paducah, Ogden, Galphin & Abell and Percy Brown, Jr., Louisville, for appellants.

Roy Vance and C. Warren Eaton, Paducah, for appellees.

COMBS, Justice.

United Shoe Machinery Corporation, hereafter referred to as United, and International Shoe Company, which will be referred to as International, filed separate actions against McCracken County and the City of Paducah to restrain the collection of certain ad valorem taxes and for a declaration of rights. The cases were consolidated for trial and will be considered together in this opinion. The trial court held that manufacturing machinery leased by United to International and used in the latter's plant in the City of Paducah is not exempt from city and county taxes under section 132.200 KRS. That statute reads in part:

"All property subject to taxation for state purposes shall also be subject to taxation in the county, city, school or other taxing district in which it has a taxable situs, except * * * the following classes of property, which shall be subject to taxation for state purposes only:

\* \* \* \* \* \*

"(4) Machinery and products in course of manufacture, of individuals

or corporations actually engaged in manufacturing * * *."

The machinery in question is used in manufacturing shoes and is obtainable only through United, a corporation organized for the purpose of owning such machinery and leasing it for profit. International is actually engaged in manufacturing shoes. Both corporations are duly authorized to do business in Kentucky. The lease agreement between the two companies is for a definite 10-year term. Thereafter, either party may terminate the lease upon 60 days' written notice of such intention. By the terms of the lease the machinery remains the exclusive property of United but International must preserve, repair and insure it and pay the taxes on it. In case of destruction by fire, International is obligated to pay a fixed price for the machinery destroyed.

The companies contend the machinery in question falls within the exception created by the statute, although admittedly United, which owns the machinery, is not actually engaged in manufacturing.

We are unable to distinguish this case from Ayer & Lord Tie Co. v. Commonwealth, 208 Ky. 606, 271 S.W. 693, 694, decided contrary to the companies' contention. That case relates to the taxation of cross-ties in the process of manufacture. The ties were owned by Ayer & Lord but were located at the plant of a separate subsidiary corporation for the purpose of being treated with preservatives prior to sale. In holding that the Ayer & Lord Company was not entitled to the preferential tax rate on the ties as " 'products in course of manufacture' ", it was said: "To bring the cross-ties within the provisions of subsection 2 [now subsection 4], two things are necessary: (1) They must be products in course of manufacture; (2) they must be products of persons, firms, or corporations *actually engaged* in manufacturing." Obviously, the same rule must apply here. We have held that the exceptions created by this statute will be construed strictly against one claiming its benefits. City of Lexington v. Lexington Leader Co., 193 Ky. 107, 235

S.W. 31; Stearns Coal & Lumber Co. v. Thomas, 295 Ky. 808, 175 S.W.2d 505. Since the machinery is not owned by a corporation actually engaged in manufacturing, we are of the opinion it does not fall within the statutory exception. This seems to be in line with the general rule of construction for similar statutes of other states. See annotation 157 A.L.R. 860.

The judgment is affirmed.

DUNCAN, Justice (dissenting).

I am unable to agree with the majority in the conclusions reached in this case. I think that the machinery is within the class of property covered by the statutory exclusion from local taxation. It is being used by a corporation actually engaged in manufacturing in this state. This is the class of property which I think the Legislature intended to free from local taxation. As pointed out in Illinois Cent. R. Co. v. City of Paducah, 228 Ky. 65, 14 S.W.2d 172, the purpose of the statute was to encourage manufacturing. The industrial expansion resulting from the establishment of manufacturing plants in the state was expected to attract population, afford employment, and increase taxable values of other properties. These benefits were dependent upon the operation of the machinery in Kentucky, and it was entirely immaterial whether the machinery was owned by the manufacturer or operated under a lease.

This is not an isolated case. It sets a pattern which conflicts sharply with a growing business practice—the rental rather than the purchase of manufacturing machinery. Assuming that the exclusion of the statute was intended to foster manufacturing in Kentucky and its consequent employment of Kentuckians, the majority opinion whittles away much of the intended benefit.

There is another impelling reason for this dissent. The Constitution, § 171, gives the General Assembly "power to divide property into classes and to determine what class or classes of property shall be subject to local taxation." The same section declares that taxes "shall be uniform upon all property of the same class subject to taxation".

The exemption from local taxation is of a *class of property*—not of the *owners* of that property. I think it is an arbitrary and unreasonable classification to say that the same class of property is exempt if it is owned and used by one person in manufacturing his own product but is not exempt if it is owned by one person and used by another for the same purpose. Classification ought not to depend on ownership but on use.

It is fundamental that a statute should always be construed according to its spirit and intent. The construction of the majority places undue emphasis on the use of the word "of" and enlarges its meaning to such an extent that it is construed as "fee simple ownership."

I am authorized to say that Judge Milliken joins in this dissent.