## CLAYTON & LAMBERT MFG. CO., Inc.

v.

## KENTUCKY STATE TAX COMMISSION et al.

Court of Appeals of Kentucky.

Feb. 26, 1954.

Caldwell & Robinson, Ashland, for appellant.

J. D. Buckman, Atty. Gen., William E. Scent, Asst. Atty. Gen., Hal O. Williams, Asst. Atty. Gen., for appellees.

COMBS, Justice.

The appellant is a Delaware corporation having its principal place of business in Louisville, Kentucky. In 1946 it sold certain tangible assets having a situs in the state of Michigan and realized a capital gain of approximately $356,000 on which it paid a capital gains tax to the United States. In reporting its income to the state of Kentucky for the year 1946 the Company deducted from its gross income the amount of the capital gains tax paid to the federal government. The Kentucky Tax Commission disallowed the deduction and on appeal to the Franklin Circuit Court the ruling of the Commission was sustained.

The taxpayer relies on KRS 141.080, which reads in part:

"Taxpayers reporting income as prescribed by this chapter shall be allowed the following deductions:

\*    \*    \*    \*    \*    \*

"(3)   \*  \*  \*   income taxes paid to the United States."

and on KRS 141.100, which provides:

"(2) Income realized or loss sustained from the sale of property held two years or more shall be ignored in computing income for the purposes of this chapter \* \* \*."

The Commission admits that these two sections standing alone constitute substantial authority for the taxpayer's contention; but it maintains that these statutes must be read in connection with the remainder of chapter 141, and especially with KRS 141.-120. The latter section provides that when the taxpayer's business is carried on partly within and partly without this state, the tax shall be imposed only on the portion of the business income reasonably attributable to the business within this state and supplies a formula to be used in allocating the income attributable to Kentucky property and activities.

The Commission makes a persuasive argument that in arriving at the net income of the taxpayer it is as necessary to allocate deductions as it is to allocate items of gross income, and that when the deduction claimed by this taxpayer is properly allocated it is not a deductible item in Kentucky. The trouble with this argument is that we must take the statutes as we find them and the statutes do not provide for the allocation of deductions. On the other hand, the language of KRS 141.080 and KRS 141.-100, quoted above, is too plain to leave room for doubt. Those two statutes provide that income taxes paid to the United States may be deducted, and that income realized from the sale of property held two years or more shall be ignored in computing income. This means, of course, that all income taxes paid to the United States, on gain realized from the sale of property held two years or more, may be deducted and not merely the taxes paid on income derived from business activities within Kentucky.

We agree with the Tax Commission that all the provisions of chapter 141 should be considered together in arriving at the intention of the Legislature, but we find no language in the chapter which permits the allocation of income taxes paid to the United States under the circumstances here shown. We conclude that the taxpayer is entitled to the deduction claimed.

The judgment is reversed with directions to enter one in conformity with this opinion.

STEWART, J., dissenting.