**Robert H. ALLPHIN, Commissioner of Revenue, and Commonwealth of Kentucky, etc., Appellants,**

v.

**LOUISVILLE & NASHVILLE RAILROAD COMPANY, Inc., Appellee.**

Court of Appeals of Kentucky.

May 18, 1956.

Jo M. Ferguson, Atty. Gen., Hal O. Williams, Asst. Atty. Gen., Wm. E. Scent, Director of Legal Staff, Dept. of Revenue, Frankfort, for appellants.

Joseph L. Lenihan, Louisville, Leslie W. Morris, Frankfort, C. S. Landrum, Lexington, for appellee.

CAMMACK, Judge.

This declaratory judgment proceeding was instituted by the Department of Revenue of the Commonwealth, after the Louisville & Nashville Railroad Company, the appellee, had filed tax refund claims, to determine the proper method of computing the Kentucky income tax liability of the appellee for the years 1949–1953. The question presented involves the computation of net income; and, more specifically, the deduction allowable for Federal income taxes.

■ The Department contends that the deduction for Federal income taxes should be combined with all other deductions and subtracted from gross income to obtain the taxpayer's total net income. The resulting figure would then be divided into net nonbusiness income and net business income, and the latter allocated to the various states by means of an apportionment formula designed to apply the tax only on that portion of the income attributable to Kentucky.

The taxpayer contends that Federal income taxes should be deducted from the "net" income (gross income less all deductions except the one for Federal income taxes) attributable to Kentucky, rather than from total gross income prior to apportionment. Our decision in Clayton & Lambert Mfg. Co. v. Kentucky State Tax Commission, Ky., 265 S.W.2d 449, 450, is relied upon as authority for that contention. The trial judge found the Clayton & Lambert case to be controlling, and entered judgment approving the taxpayer's method of computation. Hence, it is necessary for us to examine our decision in that case.

As in the case now before us, the Clayton & Lambert case dealt with Kentucky income taxes and the deduction for Federal income taxes; and, as here, the case concerned the matter of allocating income. But there the similarity ends. The sole question in the Clayton & Lambert case

was whether Federal income taxes paid on income expressly excluded from gross income taxable in Kentucky, could be deducted in computing the Kentucky income tax. We held that under the then existing statutes (which were amended in 1954) all Federal income taxes could be deducted. Hence, in that case we were concerned with *how much* could be deducted. Here, we are concerned with *when* the deduction is to be taken—whether from "gross" income, or from "net" income allocable to Kentucky.

In the Clayton & Lambert case, no contention was made that the deduction should be taken from the net income allocable to Kentucky. Indeed, the opinion recites: "In reporting its income to the state of Kentucky for the year 1946 the Company deducted from its *gross* income the amount of the capital gains tax paid to the federal government." (Emphasis ours.) Therefore, it is clear that our decision in the Clayton & Lambert case is not authority for the position taken by the taxpayer in the present case.

The statutes themselves give no basis for the distinction drawn by the taxpayer between the deduction for Federal income taxes and the other deductions permitted. KRS 141.080, prior to 1954, listed the deductions allowed to all taxpayers. Subsection (3) listed "Property taxes, poll taxes, and franchise or license taxes paid to this state or its taxing subdivisions, and income taxes paid to the United States." No distinction, as to the method of computation and time for deducting, was drawn between the deductions in Subsection (3) and those provided for by other subsections of KRS 141.080. Hence, it is clear that the statute contemplated the subtraction of *all* deductions from total gross income, as a means of computing total net income.

Since the taxpayer's computation is not founded on the statutory provisions, and since the Clayton & Lambert case is wholly unrelated to the issue at hand, we conclude that the trial judge erroneously adopted and approved the computation urged by the taxpayer.

 While our statements have been directed in the main to one section, KRS 141.120, of the Income Tax Act, KRS, Chapter 141, we have, of necessity, and indeed, in keeping with well-recognized and long-established judicial practices in construing tax statutes, given consideration to the whole Income Tax Act, to the end that Kentucky income taxes be imposed with maximum uniformity and with minimum discrimination. Fontaine v. Department of Finance, Ky., 249 S.W.2d 799.

The judgment is reversed, with directions to set it aside and to enter a declaration of rights and judgment consistent with this opinion.