Robert H. ALLPHIN, Commissioner of Revenue, and Commonwealth of Kentucky, by and on Relation of Robert H. Allphin, Commissioner of Revenue, Appellants,

v.

JOSEPH E. SEAGRAM & SONS, Inc., Appellee.

Court of Appeals of Kentucky.

May 18, 1956.

Rehearing Denied Nov. 16, 1956.

Jo M. Ferguson, Atty. Gen., Hal O. Williams, Asst. Atty. Gen., Wm. E. Scent, Director Legal Staff, Department of Revenue, Frankfort, for appellants.

Bullitt, Dawson & Tarrant, John E. Tarrant, Earl S. Wilson, Robert S. Dorsey, Louisville, for appellee.

CAMMACK, Judge.

In some respects, this proceeding is a companion case to that of Allphin v. Louisville & Nashville Railroad Company, Ky., 290 S.W.2d 787. The issue in the Louisville & Nashville case controls the question concerning the method of deducting federal income taxes, and the appellee concedes that the method of computation we have approved therein is correct. However, in the case now before us, we are concerned with an additional problem of computation. The issue is: In deducting net non-business income, less "related expenses," from total net income for purposes of determining the net business income subject to the apportionment formula prescribed in KRS 141.120 (prior to the 1954 amendment), do Federal income taxes levied on the non-business income constitute "related expenses"? This issue was not considered by the trial judge because he ruled in favor of the taxpayer on the basis of his ruling in the Louisville & Nashville case. Therefore, the issue here presented was not passed upon.

KRS 141.120(1) provided:

"Interest, dividends, rents and royalties not received in connection with the transaction of the business of a corporation, and gains from the sale of property not held, owned or used in connection with its business, less any related expenses, shall be allocated to this state if received from sources within this state. If received from sources outside this state, such income shall be allocated outside this state. The balance of corporate income, hereinafter referred to as business income, shall be allocated to this state and shall be taxable as hereunder set forth. Gains or losses by domestic corporations from the sale of securities issued by foreign governments or by corporations organized under the laws thereof shall be allocated to this state."

We must determine whether Federal income taxes levied on non-business income constitute "related expenses" within the meaning of the statute; that being the only question involved in this case.

As in the Louisville & Nashville case, the taxpayer relies heavily upon our decision in Clayton & Lambert Mfg. Co. v. Kentucky State Tax Commission, Ky., 265 S.W. 2d 449. It insists that to treat Federal income taxes as "related expenses" under KRS 141.120(1) is to nullify our decision in the Clayton & Lambert case to the effect that all Federal income taxes were permissible deductions from gross income. It is clear, however, that the Clayton & Lambert case was concerned only with a deduction from *gross* income. Here, we are concerned with the division of total *net* income into two classes, namely, net business income, and net non-business income. Clear-

ly, the statute requires that in determining net business income, expenses related to non-business income shall not be deducted from total net income. The question now before us involves the meaning of the term "related expenses." The Clayton & Lambert case was not concerned with that problem and hence is not authority for any interpretation of that term.

Since 1946, the Department of Revenue, in regulations issued pursuant to the authority vested by KRS 131.130, has defined "related expenses" as including Federal income tax. In the 1946 Income Tax Law and Regulations, Art. 120–1, p. 72, we find:

"(b) Nonbusiness Income. Rents, royalties, interest, dividends and capital gains, less related expenses, (including Federal income tax) constitute nonbusiness income when derived from property not used or held in connection with business."

In the 1951 Administrative Code, Art. 120–1, Income Tax Regulations, it is stated:

"(b) Nonbusiness Income. The net income derived from rents, royalties, interest, dividends, and capital gains constitute nonbusiness income when derived from property not used or held in connection with business. In computing nonbusiness income all expenses directly or indirectly related to the production of such income must be deducted. Such expenses will include, among others, federal income tax, other taxes applicable, depreciation and repairs on rental property, depletion on royalties, interest * * *."

█ It is well established that in construing an ambiguous statute, the Court will give great weight to long-continued constructions and applications by authorities entrusted with its administration. See Burbank v. Sinclair Prairie Oil Co., 304 Ky. 833, 202 S.W.2d 420; Atlantic Coast Line R. Co. v. Commonwealth, 302 Ky. 36, 193 S.W.2d 749; Button v. Hikes, 296 Ky. 163, 176 S.W.2d 112, 150 A.L.R. 779; O'Connell v. Duff, 276 Ky. 782, 125 S.W.2d 718. In the present case we have a statute which is ambiguous and which has been interpreted consistently for some 10 years in the manner now urged by the Department. This particular taxpayer, the appellee, and presumably all others similarly situated, have acquiesced in that construction until the present time. Certainly, the case does not fall within the scope of the limitation on the doctrine of contemporaneous construction to the effect that such constructions by administrative officers will not be allowed to defeat the plain purpose and language of a statute. See Reeves v. Louisville Gas & Electric Co., 290 Ky. 25, 160 S.W.2d 391; City of Fulton v. Shanklin, 275 Ky. 772, 122 S.W.2d 733; McNally v. Grauman, 255 Ky. 201, 73 S.W.2d 28. Under the circumstances heretofore recited, we see no reason to disturb the long-continued interpretation given this ambiguous statute by the authorities charged with its administration.

█ What we said in the Louisville & Nashville Case in regard to reviewing the Income Tax Act as a whole in our attempt to arrive at a proper determination of the question at hand becomes even more significant in the case now under consideration. A re-reading of the opinion with this thought in mind reveals the soundness of the policy.

The judgment is reversed, with directions to set it aside, and to enter a declaration of rights and judgment consistent with this opinion.